Joseph R. Re (SBN 134,479)
joseph.re@knobbe.com
Joseph S. Cianfrani (SBN 196,186)
joseph.cianfrani@knobbe.com
Colin B. Heideman (SBN 238,674)
colin.heideman@knobbe.com
Alan G. Laquer (SBN 259,257)
alan.laquer@knobbe.com
Jeremy A. Anapol (SBN 285,828)
jeremy.anapol@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiffs AMAZON.COM, INC.
and AMAZON.COM SERVICES LLC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and AMAZON.COM SERVICES LLC, a Delaware corporation, | Case No. 8:20-cv-00822 |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| 2BCOM, LLC, a Delaware limited liability company, | |
| Defendant. | |

Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (collectively "Amazon") bring this Complaint for Declaratory Judgment against Defendant 2BCom, LLC ("2BCom") and allege as follows:

## PARTIES

1.     Amazon.com, Inc. is a corporation organized under the laws of Delaware, with its headquarters at 410 Terry Avenue North, Seattle, Washington 98109.

2.     Amazon.com Services LLC is a corporation organized under the laws of Delaware, with its headquarters at 410 Terry Avenue North, Seattle, Washington 98109.

3.     Upon information and belief, 2BCom is a limited liability company organized under the laws of Delaware, with its headquarters at 1603 Orrington Ave., Suite 600, Evanston, Illinois 60201.

4.     Upon information and belief, 2BCom's sole business is litigating and licensing patents.

## NATURE OF THE CASE

5.     On April 15, 2020, 2BCom sent Amazon.com, Inc. a letter (the "Letter") and a draft complaint against Amazon alleging patent infringement (the "Threatened Complaint"), copies of which are submitted herewith as Exhibits 1 and 2 respectively.

6.     In the Letter and the Threatened Complaint, 2BCom alleged that it owns U.S. Patent Nos. 6,885,643 ("the '643 patent"), 6,928,166 ("the '166 patent"), 7,039,445 ("the '445 patent") and 7,127,210 ("the '210 patent") (collectively the "Threatened Patents"), copies of which are submitted herewith as Exhibits 3 through 6 respectively.

7.     In the Letter, 2BCom stated that it has prepared, and plans to serve, the Threatened Complaint alleging that Amazon has infringed the Threatened Patents.

- 1 -

8.     In the Threatened Complaint, 2BCom alleges that Amazon has infringed each of the Threatened Patents.

9.     In the Letter, 2BCom provided instructions for downloading materials related to the Threatened Complaint (the "Threatened Complaint Materials").

10.     The Threatened Complaint Materials include copies of the Threatened Patents.

11.     The Threatened Complaint Materials also include a document titled "Exhibit 1 – Amazon Accused Products.pdf" (the "Accused Products List"), a copy of which is submitted herewith as Exhibit 7.

12.     In the Accused Product List, 2BCom identifies the Amazon eero, Amazon eero Pro, Amazon eero Beacon, Amazon Echo Dot (3rd generation), Amazon Echo Dot (1st and 2nd Generation), Amazon Echo Plus (2nd and 3rd generations), Amazon Echo Plus (1st generation), Amazon Tap, Amazon Echo (2nd and 3rd generation), Amazon Echo (1st generation), Amazon Echo Show, Amazon Kindle Fire HD 8 (2018), Amazon Kindle Fire HD 10 (2015), Amazon Kindle Fire HDX 8.9 (2014), Amazon Kindle Fire HD 10 (2017), Amazon Kindle Fire HD 10 (2019), Amazon Kindle Fire HDX 8.9 (2013), Amazon Kindle Fire HDX (2013), Amazon Kindle Fire HD (2013), Amazon Kindle Fire HD 8.9 (2012), Amazon Kindle Fire HD 7 (2012), Amazon Kindle Fire (2012), Amazon Kindle Fire (2011), Amazon Kindle Fire (2015), Amazon Kindle Fire HD 10 (2015), Amazon Kindle Fire HD 6 (2014), Amazon Kindle Fire HD 7 (2014), Amazon Kindle Fire 7 (2017), Amazon Kindle Fire HD 8 (2017), and Amazon Kindle Fire HD 8 (2016) (collectively the "Accused Products") as each allegedly infringing one or more of the Threatened Patents.

13.     In the Threatened Complaint, 2BCom alleges that Amazon has infringed each of the Threatened Patents based upon making, using, importing, selling and/or offering for sale allegedly infringing products including, but not limited to, the Accused Products.

14.     The Threatened Complaint Materials include copies of claim charts (the "Threatened Claim Charts") that allege that Amazon's: (a) Echo Dot (3rd generation) infringes claim 1 of the '643 patent, (b) Echo Dot infringes claim 13 of the '166 patent, (c) eero router infringes claim 13 of the '445 patent, and (d) Echo Dot infringes claim 20 of the '210 patent.   The Threatened Claim Charts are submitted herewith as Exhibits 8-11, respectively.

15.     2BCom has not identified any alleged infringement by Amazon of any specific claim of the Threatened Patents except for the identifications in the Threatened Claim Charts.

16.     In the Threatened Complaint, 2BCom alleges that users and retailers of the Accused Products have directly infringed the Threatened Patents based upon their use of the Accused Products.

17.     In the Threatened Complaint, 2BCom alleges that Amazon has induced users and retailers of the Accused Products to directly infringe the Threatened Patents by, for example, promoting the Accused Products on www.amazon.com and/or providing customers with instructions and/or manuals for using the Accused Products through www.amazon.com.

18.     Amazon has not infringed the Threatened Patents and has not induced users or retailers to infringe the Threatened Patents.

19.     Amazon.com Services LLC has promoted and sold a substantial number of Accused Products to users and retailers in the Central District of California.

20.     The majority of the design and development of at least some of the Accused Products, and specifically accused Echo products, has occurred in California.

21.     Before filing this Complaint, 2BCom filed four other patent infringement actions in the Central District of California: (1) *2BCom, LLC v. KIA Motors America, Inc.*, Case No. 8:20-cv-00676-DOC-ADS (C.D. Cal., filed April

- 3 -

7, 2020); (2) *2BCom, LLC v. D-Link Systems, Inc.*, Case No. 8:20-cv-00686-JVS-JDE (C.D. Cal., filed April 8, 2020); (3) *2BCom, LLC v. TP-Link USA Corporation*, Case No. 8:20-cv-00708-JVS-JDE (C.D. Cal., filed April 10, 2020); (4) *2BCOM, LLC v. Bayerische Motoren Werke AG et al*, Case No. 2:20-cv-03537-JAK-JEM (C.D. Cal., filed April 16, 2020) (collectively referred to as the "Other California Actions"). 2BCom has also filed another patent infringement action outside of California: *2BCOM, LLC v. FCA US LLC et al*, Case No. 2:20-cv-10023-LVP-EAS (E.D. Mich., filed April 7, 2020).

22.    In each of the Other California Actions, 2BCom alleges infringement of at least some of the Threatened Patents.  In *2BCom v. KIA*, 2BCom alleges infringement of the '166 and '210 patents.  In *2BCom v. D-Link*, 2BCom alleges infringement of the '643, '166, and '445 patents.  In *2BCom v. TP-Link*, 2BCom alleges infringement of the all four of the Threatened Patents.  In *2BCom v. BMW*, 2BCom alleges infringement of the '643, '166, and '620 patents.

23.    In each of the Other California Actions, 2BCom it is represented by the Witkow Baskin law firm located in Woodland Hills, California in this District.

24.    In the Letter, 2BCom states that it "will temporarily refrain from serving the complaint upon Amazon" and requests a response to the Letter "within two (2) weeks from the date of this letter [April 15, 2020]," thereby implying that 2BCom plans to file and/or serve the Threatened Complaint on Amazon on approximately April 29, 2020.

## JURISDICTION AND VENUE

25.    This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to address an actual, substantial, and continuing justiciable controversy that exists between Amazon and 2BCom.

26.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

27.     This Court has personal jurisdiction over 2BCom at least because this Court has specific jurisdiction over 2BCom as it relates to this action.  2BCom has purposefully directed its activities at residents of California.  For example, 2BCom has alleged that users and retailers of Amazon's Accused Products, which include a substantial number of users and retailers in California, have directly infringed the Threatened Patents and that Amazon has induced that infringement.  Amazon's claims in this action for declaratory judgment of non-infringement arise out of and relate to 2BCom's activities within California, including its allegations of infringement based on Accused Products within California.  For example, this action relates to 2BCom's Other California Actions, which 2BCom filed in the Central District of California within the previous month, alleging infringement of the Threatened Patents.  As another example, 2BCom has alleged that Amazon's Echo products, which were designed and developed primarily in California, infringe the Threatened Patents.  Accordingly, 2BCom has at least minimum contacts with California relevant for the Court to exercise specific personal jurisdiction over it in this action.  Further, 2BCom has purposefully availed itself of the privilege of conducting activities within California.  For example, 2BCom has purposefully availed itself of the privilege of conducting litigation within California by filing its Other California Actions in the Central District of California within the previous month, alleging infringement of the Threatened Patents.  2BCom has retained counsel in this District (the Witkow Baskin law firm) and that counsel is representing 2BCom in the Other California Actions, which also relate to the Threatened Patents.  2BCom's filing of the Other California Actions and its retention of counsel in California to represent it for litigating the Threatened Patents in the Other California Actions are examples of its contacts with California.  The filing and maintenance of these California Actions represents

the primary or core business activity of 2BCom.  Accordingly, the exercise of personal jurisdiction over 2BCom for this action related to the Threatened Patents is reasonable and fair, and will not offend traditional notions of fair play and substantial justice.

28.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c).  A substantial part of the events giving rise to the claims of this action occurred in this District.  For example, 2BCom has alleged that users and retailers of Amazon's Accused Products, which include a substantial number of users and retailers in this District, have directly infringed the Threatened Patents and that Amazon has induced that infringement.  2BCom's allegations of infringement based on substantial actions in this District give rise to Amazon's claims here for declaratory judgment of non-infringement.  Further, upon information and belief, 2BCom conducts the majority of its sole business—litigating and licensing patents—within this District.  For example, 2BCom filed all four of its Other California Actions in this District.  2BCom has retained the Witkow Baskin law firm in this District, and that counsel is representing 2BCom in its Other California Actions also related to the Threatened Patents.  Other than those four Other California Actions and this action, 2BCom has been a party to only one other patent action.  Accordingly, 2BCom resides in this District within the meaning of 28 U.S.C. § 1391 at least because it conducts the majority of its business in this District and has sufficient contacts with this District to subject it to personal jurisdiction in this District.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '643 patent)

29.     Amazon incorporates by reference its allegations contained in Paragraphs 1 through 28 of this Complaint as though set forth fully herein.

30.     2BCom has alleged that Amazon has directly infringed one or more claims of the '643 patent, literally and/or under the doctrine of equivalents.

31.   2BCom has alleged that users and retailers of Amazon's Accused Products have directly infringed one or more claims of the '643 patent.  2BCom has alleged that Amazon has indirectly infringed the '643 patent through inducing that alleged direct infringement by users and retailers by promoting the Accused Products online and/or providing customers with instructions and/or manuals for using the Accused Products.

32.   The only claim of the '643 patent that 2BCom has specifically alleged that Amazon or users or retailers of the Accused Products have infringed is claim 1.

33.   The only Accused Product that 2BCom has provided any analysis for regarding any alleged infringement of the '643 patent is Amazon's Echo Dot (3rd generation).  2BCom provided a Threatened Claim Chart alleging infringement of claim 1 of the '643 patent based on Amazon's Echo Dot (3rd generation).

34.   Amazon denies that it has infringed, directly or indirectly, claim 1 of the '643 patent.  In particular, claim 1 of the '643 patent includes a limitation requiring that the claimed terminal device comprise "a wireless link information storage section for storing the acquired or updated wireless link information as Descriptor information referable by the remote communicating entity[.]"

35.   Amazon's Echo Dot (3rd generation) does not comprise "a wireless link information storage section for storing acquired or updated wireless link information as Descriptor information referable by a remote communicating entity" as claimed.  Amazon and users and retailers of the Accused Products have not infringed the '643 patent for at least that reason.  2BCom has not provided any analysis supporting any allegation of infringement of the '643 patent based on any other claim or based on any other Accused Product.

36.   An actual, substantial, and justiciable controversy exists regarding the alleged infringement of the '643 patent by Amazon.  That controversy has

1    sufficient immediacy and reality to warrant the issuance of a declaratory judgment

2    that Amazon has not infringed any claim of the '643 patent.

3                                    **COUNT II**

4         **(Declaratory Judgment of Non-Infringement of the '166 patent)**

5         37.    Amazon incorporates by reference its allegations contained in

6    Paragraphs 1 through 28 of this Complaint as though set forth fully herein.

7         38.    2BCom has alleged that Amazon has infringed one or more claims of

8    the '166 patent, literally and/or under the doctrine of equivalents.

9         39.    2BCom has alleged that users and retailers of Amazon's Accused

10   Products have directly infringed one or more claims of the '166 patent.  2BCom

11   has alleged that Amazon has indirectly infringed the '166 patent through inducing

12   that alleged direct infringement by users and retailers by promoting the Accused

13   Products online and/or providing customers with instructions and/or manuals for

14   using the Accused Products.

15        40.    The only claim of the '166 patent that 2BCom has specifically alleged

16   that Amazon or users or retailers of the Accused Products have infringed is

17   claim 13.

18        41.    The only Accused Product that 2BCom has provided any analysis for

19   regarding any alleged infringement of the '166 patent is Amazon's Echo Dot.

20   2BCom provided a Threatened Claim Chart alleging infringement of claim 13 of

21   the '166 patent based on Amazon's Echo Dot.

22        42.    Amazon denies that it has infringed, directly or indirectly, claim 13 of

23   the '166 patent.  In particular, claim 13 of the '166 patent includes a limitation

24   requiring that the claimed method comprises "selecting a security level from a

25   plurality of security levels in accordance with a condition of the radio

26   communication[.]"

27        43.    The use and operation of Amazon's Echo Dot does not comprise

28   "selecting a security level from a plurality of security levels in accordance with a

condition of a radio communication."   Amazon and users and retailers of the Accused Products have not infringed the '166 patent for at least that reason. 2BCom has not provided any analysis supporting any allegation of infringement of the '166 patent based on any other claim or based on any other Accused Product.

44.   An actual, substantial, and justiciable controversy exists regarding the alleged infringement of the '166 patent by Amazon.   That controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Amazon has not infringed any claim of the '166 patent.

## COUNT III

### (Declaratory Judgment of Non-Infringement of the '445 patent)

45.   Amazon incorporates by reference its allegations contained in Paragraphs 1 through 28 of this Complaint as though set forth fully herein.

46.   2BCom has alleged that Amazon has directly infringed one or more claims of the '445 patent, literally and/or under the doctrine of equivalents.

47.   Amazon asserts that it has not infringed and is not infringing any claim of the '445 patent, literally and/or under the doctrine of equivalents.

48.   2BCom has alleged that users and retailers of Amazon's Accused Products have directly infringed one or more claims of the '445 patent.   2BCom has alleged that Amazon has indirectly infringed the '445 patent through inducing that alleged direct infringement by users and retailers by promoting the Accused Products online and/or providing customers with instructions and/or manuals for using the Accused Products.

49.   The only claim of the '445 patent that 2BCom has specifically alleged that Amazon or users or retailers of the Accused Products have infringed is claim 13.

50.   The only Accused Product that 2BCom has provided any analysis for regarding any alleged infringement of the '445 patent is Amazon's eero router.

2BCom provided a Threatened Claim Chart alleging infringement of claim 13 of the '445 patent based on Amazon's eero router.

51.   Amazon denies that it has infringed, directly or indirectly, claim 13 of the '445 patent.  Claim 13 of the '445 patent includes a limitation requiring that the claimed method comprises "setting a range for a message transmitted from the first device in a main body of the first device and outputting first control information in accordance with the set range from the main body, wherein the message is for searching for the second device[.]"

52.   The use and operation of Amazon's eero router does not comprise "setting a range for a message transmitted from a first device in a main body of the first device and outputting first control information in accordance with the set range from the main body, wherein the message is for searching for the second device."   Amazon and users and retailers of the Accused Products have not infringed the '445 patent for at least that reason.

53.   The use and operation of Amazon's eero router does not infringe claim 13 of the '445 patent or any other claim of that patent.  Further, 2BCom has not provided any analysis supporting any allegation of infringement of the '445 patent based on any other Accused Product.  Amazon has not infringed and is not infringing any claim of the '445 patent.  2BCom has not provided any analysis supporting any allegation of infringement of the '445 patent based on any other claim or based on any other Accused Product.

54.   An actual, substantial, and justiciable controversy exists regarding the alleged infringement of the '445 patent by Amazon.   That controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Amazon has not infringed any claim of the '445 patent.

/ / /

## COUNT IV

### (Declaratory Judgment of Non-Infringement of the '210 patent)

55.    Amazon incorporates by reference its allegations contained in Paragraphs 1 through 28 of this Complaint as though set forth fully herein.

56.    2BCom has alleged that Amazon has infringed one or more claims of the '210 patent, literally and/or under the doctrine of equivalents.

57.    2BCom has alleged that users and retailers of Amazon's Accused Products have directly infringed one or more claims of the '210 patent.  2BCom has alleged that Amazon has indirectly infringed the '210 patent through inducing that alleged direct infringement by users and retailers by promoting the Accused Products online and/or providing customers with instructions and/or manuals for using the Accused Products.

58.    The only claim of the '210 patent that 2BCom has specifically alleged that Amazon or users or retailers of the Accused Products have infringed is claim 20.

59.    The only Accused Product that 2BCom has provided any analysis for regarding any alleged infringement of the '210 patent is Amazon's Echo Dot. 2BCom provided a Threatened Claim Chart alleging infringement of claim 20 of the '210 patent based on Amazon's Echo Dot.

60.    Amazon denies that it has infringed, directly or indirectly, claim 20 of the '210 patent.  In particular, claim 20 of the '210 patent includes a limitation requiring that the claimed communication apparatus comprises "a unit configured to control a connection from a second wireless communication apparatus…wherein the control unit sets up a second mode in which, in a state where the connection with the first wireless communication device is established, the communication apparatus is inhibited from establishing a connection with the second wireless communication apparatus with respect to a connection request from the second wireless communication device."

61.   Amazon's Echo Dot does not comprise "a unit configured to control a connection from a second wireless communication apparatus…wherein a control unit sets up a second mode in which, in a state where a connection with the first wireless communication device is established, the communication apparatus is inhibited from establishing a connection with the second wireless communication apparatus with respect to a connection request from the second wireless communication device."   Amazon and users and retailers of the Accused Products have not infringed the '210 patent for at least that reason.   2BCom has not provided any analysis supporting any allegation of infringement of the '210 patent based on any other claim or based on any other Accused Product.

62.   An actual, substantial, and justiciable controversy exists regarding the alleged infringement of the '210 patent by Amazon.   That controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Amazon has not infringed any claim of the '210 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Amazon.com, Inc. and Amazon.com Services LLC respectfully pray for entry of judgment against 2BCom as follows:

A.   a declaration that Amazon has not infringed and is not infringing any claim the '643 patent, directly, indirectly, literally, or under the doctrine of equivalents;

B.   a declaration that Amazon has not infringed and is not infringing any claim the '166 patent, directly, indirectly, literally, or under the doctrine of equivalents;

C.   a declaration that Amazon has not infringed and is not infringing any claim the '445 patent, directly, indirectly, literally, or under the doctrine of equivalents;

/ / /

1         D.    a declaration that Amazon has not infringed and is not infringing any

2   claim the '210 patent, directly, indirectly, literally, or under the doctrine of

3   equivalents;

4         E.    finding this exceptional case under 35 U.S.C. § 285; and

5         F.    awarding Amazon its costs and attorneys' fees in connection with this

6   Action; and

7         G.    such further and additional relief as the Court deems just and proper.

**JURY DEMAND**

9   Amazon demands a jury trial on all issues and claims so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 28, 2020          By: */s/ Joseph R. Re*
                                   Joseph R. Re
                                   Joseph S. Cianfrani
                                   Colin B. Heideman
                                   Alan G. Laquer
                                   Jeremy A. Anapol

Attorneys for Plaintiffs AMAZON.COM, INC.
and AMAZON.COM SERVICES LLC.